UNITED STATES of America,
Appellee.

v.

Franklin McKenzie DAVISON, Appellant.

No. 8406.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 19, 1961.

Decided Feb. 7, 1962.

David R. Shelton, Washington, D. C., for appellant.

Douglas A. Kahn, Attorney, Department of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., John B. Jones, Jr., Acting Asst. Atty. Gen.,

Meyer Rothwacks and Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., and Claude V. Spratley, Jr., U. S. Atty., Norfolk, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.

BOREMAN, Circuit Judge.

This is a companion case to United States v. Hardy, No. 8402, 299 F.2d 600, the opinions in Hardy and the instant case being filed simultaneously. The issues presented in the two cases are almost identical. In broad outline, this is an appeal from a judgment rendered against Franklin McKenzie Davison of Alexandria, Virginia, in favor of the United States for $35,527.23 plus interest, including the amounts as follows: (1) $10,777.75 interest on the 1942 tax liability included in an assessment of May 2, 1952; (2) $16,945.19 for 1947 liability; and (3) $7,804.29 for 1951 liability. Liability for the payment of 1947 and 1951 taxes is not denied but it is claimed that Davison made payments amounting to $36,814.69 which were over and above his actual liability and that such overpayment should be credited against the 1947 and 1951 taxes with the balance refunded to taxpayer.

■ The District Court found facts, most of which were stipulated, as follows: On March 15, 1943, taxpayer filed his income tax return for 1942, revealing a tax liability for that year of $39,267.11 which was duly assessed in March or April 1943. When the return was filed a 25% payment of the tax ($9,816.77) was made, and three months later a second 25% installment ($9,816.78) was paid. By the time the third quarterly payment would have been due but for the enactment of the Current Tax Payment Act, 57 Stat. 126 (1943), 26 U.S.C.A. § 1621 et seq., that act had become effective; hence, no further payments of 1942 tax were made under the original assessment. Davison's income tax return for 1943 was filed in March 1944 showing a tax of $50,934.96 based upon 1943 in-

come. In accordance with the Current Tax Payment Act, § 6(a), taxpayer added the unforgiven one quarter of his reported 1942 liability ($9,816.78), making a total 1943 liability of $60,751.74. To meet that liability Davison made cash payments of $41,118.19 and offset the unpaid balance ($19,633.55) against the amounts paid the previous year toward his reported 1942 tax liability.

In 1947 the Commissioner began an. investigation of taxpayer's returns for the years 1942 through 1947, and on November 21, 1951, made a jeopardy assessment of $220,123.46 covering the tax liability for those years. An explanation of the assessment was given in the 90-day letter of December 14, 1951, which indicated liability in the following amounts:

| Year | Deficiency | 50% Penalty | 5% Penalty | Interest to Nov. 21, 1951 |
|---|---|---|---|---|
| 1942 | $ 5,051.76 | $ 2,525.88 | | $ 2,631.90 |
| 1943 | 16,351.23 | 3,267.23 | | 7,537.69 |
| 1944 | 16,545.04 | 8,272.52 | | 6,634.33 |
| 1945 | 29,125.24 | 14,562.62 | | 9,931.31 |
| 1946 | 43,176.98 | 21,588.49 | | 12,132.14 |
| 1947 | 16,356.67 | | $817.83 | 3,614.60 |
| | $126,606.92 | $50,216.74 | $817.83 | $42,481.97 |

Total tax, penalties and interest    $220,123.46

Taxpayer paid $199,334.36 plus interest covering the liabilities for 1942 through 1946 covered in the 90-day letter of December 14, 1951. That sum included $9,816.78 designated in the 90-day letter as "Reassessed portion of 1942 tax." It has been stipulated that the fraud penalties with respect to the 1942 tax return were properly assessed and paid.

On May 2, 1952, the Commissioner made a new assessment of $30,411.31 which included the discovered unpaid balance of the 1942 tax liability plus interest thereon of $10,777.75. In December 1953 the unpaid 1942 tax plus interest of $1,862.13 and a filing fee were paid, but no part of the assessed interest of $10,777.75 has been paid. The Commissioner originally filed the present action to collect, among other amounts due, $19,633.56, which represents one-half of the 1942 tax then thought to be unpaid. It was subsequently discovered that all of the 1942 tax had been paid and on November 4, 1958, the complaint was amended asserting a claim for the unpaid interest of $10,777.75 plus the amounts conceded to be due for 1947 and 1951.

Davison contends that he has now paid 150% of the 1942 tax liability disclosed on his return for that year. It is conceded that because of his fraud that year he is liable for all of his 1942 income tax, the forgiveness feature of the Current Tax Payment Act not applying in cases such as this. Payments are claimed to have been made as follows:

a. 25%, amounting to $9,816.77, paid on March 15, 1943;

b. 25%, amounting to $9,816.78, paid in June 1943;

c. 25%, amounting to $9,816.78, by reporting on his 1943 return and paying $9,816.78 of 1942 liability against the balance of the $39,267.11 assessed against him for 1942;

d. 25%, amounting to $9,816.78, plus interest made as part of the settlement of the jeopardy assessment. (The 90-day letter explaining the assessment included a statement, "Balance (Reassessed portion of 1942 tax).")

e. In December 1953 taxpayer made another payment equal to 50% of his reported 1942 liability.

As has already been pointed out in the Hardy case, there was actually no payment of 1942 tax by adding one-fourth thereof to the 1943 tax liability, then taking a credit on the total 1943 liability (including one-fourth of the 1942 tax) equal to one-half of the amount of the reported 1942 tax. Instead of paying one-fourth of the 1942 tax as contended, an amount equal to one-fourth of the 1942 tax was actually credited against 1943 liability (exclusive of any 1942 tax). Thus the amount assessed in November 1951 and referred to in the 90-day letter as "Reassessed portion of 1942 tax" was actually that portion of the 1943 tax against which the credit had been taken and which was not paid until the payment of the jeopardy assessment. Contrary to taxpayer's argument, there has been no material overpayment of 1942 taxes. This is demonstrated as follows: It is acknowledged that the Current Tax Payment Act of 1943 does not apply to Davison's 1942 tax; hence, all of his reported tax for the years 1942 and 1943 must be paid:

| | |
|---|---|
| $39,267.11 | Reported 1942 tax on 1942 income |
| 50,934.96 | Reported 1943 tax on 1943 income |
| $90,202.07 | Total tax due for 1942 and 1943 (less fraud deficiencies and penalties not involved in this litigation) |

Payments toward the total combined tax liability for 1942 and 1943 were made as follows:

| | |
|---|---|
| $19,633.55 | One-half reported 1942 tax paid in March and June 1943 |
| 41,118.19 | Paid during 1943 and 1944 in discharge of 1943 tax liability |
| 19,633.56 | Paid on December 31, 1953, in partial discharge of May 2, 1952, assessment |
| 9,816.78 | Portion of jeopardy assessment in November 1951 (this is the sum labeled "Reassessed portion of 1942 tax," but for purposes of this demonstration, it makes no difference whether it is labeled 1942 or 1943 tax since the tax liability for both years is here combined) |
| $90,202.08 | Total funds actually paid in discharge of reported 1942–1943 tax liability. |

Thus it is seen that the only overpayment for the combined two-year period is one cent ($.01). Unlike the situation in the Hardy case, however, all of the principal portion of tax due for 1942 has been paid by Davison.

The $10,777.75 interest on the 1942 tax was properly assessed for the reasons discussed in the Hardy case with respect to the legality of the May 2, 1952, assessment. There we held that a person cannot take advantage of his own fraud and thus escape the payment of 1942 taxes, admittedly due, plus interest thereon. It is suggested by taxpayer that since the original complaint in this action did not include a demand for the $10,777.-75 interest assessed on May 2, 1952, and that since no effort was made to collect that portion of the assessment prior to the expiration of the six-year statute of limitation (Int.Rev.Code of 1939, § 276(c), 26 U.S.C.A. § 276(c)), the collection was barred. The District Court ably answered this contention:

"This obligation [for $10,777.75 interest] is not barred by time * * because the amendment to the complaint which brought the interest claim into the suit for the first time, is retroactive to the commencement of the action on May 1, 1958. Federal Rules of Civil Procedure, Rule 15(c) [28 U.S.C.A.]. Clearly the interest claim arose out of the transaction, i. e., the assessment of 1942 taxes, pleaded in the original complaint * * *."

The same argument is made in this case as in Hardy with respect to the Gov-

ernment's failure to call as witnesses employees of the Internal Revenue Service who were in the court room at the trial. It is said that those employees who had handled the Davison account had complete knowledge of his tax payments in the years 1942 through 1947 yet were not called by the Government as witnesses. For the reasons stated in United States v. Hardy, we reject this contention as being without merit. The cases relied upon by taxpayer to support his argument are those mentioned and distinguished in Hardy.

Davison's counterclaim for $36,814.69 plus interest consists of the following items claimed to have been unlawfully collected from him by the Commissioner:

"1. $15,319.00, inclusive of interest, of 1942 liability assessed in 1943 and exacted from Mr. Davison on December 31, 1952, despite the fact that in 1949 its collection had become barred by 1939 I.R.C. 276(c).

"2. $21,495.69, inclusive of interest, of 1942 liability assessed in 1943, allegedly 'reassessed' on May 2, 1952 and exacted from Mr. Davison on December 31, 1953, despite the fact (a) that it had previously been fully paid and (b) that in 1949 its collection or 'reassessment' had become barred by 1939 I.R.C. 276(c)."

The first claim of taxpayer (for $15,319 which represents $9,816.78 plus interest) is rejected because it is based upon the clearly erroneous view that the sum of $9,816.78, assessed on November 21, 1951, as part of Davison's 1943 liability, was actually a payment on his 1942 tax account. As we have indicated in this opinion and explained more fully in Hardy, the jeopardy assessment of November 21, 1951, did not include the 1942 tax liability which was reported by taxpayer on his original return filed in 1943. In other words, at that time (November 1951) no part of the then unpaid balance of one-half the reported 1942 tax liability was assessed or paid.

The second of Davison's claims raises the same questions previously discussed in this opinion as well as in United States v. Hardy. This claim for $21,459.69 is based on the assertion that the May 2, 1952, "reassessment" was illegal because the tax had been paid and after its collection had been barred by the statute of limitations. We have already shown that payment of the balance of 1942 tax was not made until December 1953, after and pursuant to the May 2, 1952, assessment. With respect to the legality of the "reassessment" of 1942 tax, we rely upon the rule stated in United States v. Hardy. Actually, however, insofar as both claims are concerned, the taxpayer is barred from collecting any refund by the provisions of Int.Rev.Code of 1939, § 322(b), 26 U.S.C.A. § 322(b). The payments which defendant now claims should be refunded were made on December 31, 1952, and December 31, 1953, respectively. The claim for refund was filed June 3, 1958, and not within the statutory period.

For the foregoing reasons, the judgment below is

Affirmed.